# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | |
|---|---|
| Jeremy Nolan,<br><br>*Plaintiff*<br><br>-v-<br><br>City of Texas City Texas,<br>George Fuller, and<br>Todd Sukup,<br><br>*Defendants* | Case No. _____<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF JEREMY NOLAN'S ORIGINAL COMPLAINT**

Jeremy Nolan ("Plaintiff") files this complaint and, for cause of action, would show:

## I. Parties to the Complaint

1. Plaintiff is a natural person and resident of the City of Texas City, Galveston County, Texas.

2. Defendants are: (a) the City of Texas City, Texas, a municipality situated in Galveston County, Texas ("the City"); (b) George Fuller, a natural person who is sued both in his individual capacity and in his official capacity as an employee of the City of Texas City, Texas ("Mr. Fuller"); and (c) Todd Sukup, a natural person who is sued both in his individual capacity and in his official capacity as an employee of the City of Texas City, Texas ("Mr. Sukup").

## II. Basis for Jurisdiction

3. This complaint seeks, *inter alia*, damages pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violation of Plaintiff's civil rights. Additionally, this complaint seeks damages pursuant to the Federal Fair Housing Act pursuant to 42 U.S.C. § 3603, 3604, 3605, 3606, and 3617. Jurisdiction is founded on 28 U.S.C. § 1331 and 28 U.S.C. § 1343. The Court also has supplemental jurisdiction over Plaintiff's state law claims, if any, pursuant to 28 U.S.C. § 1367.

## III. Venue

4. The acts or omissions giving rise to the Plaintiff's claims arose in Galveston County, Texas. Thus, pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in the Southern District of Texas.

## IV. Facts

5. The property at issue in this case is the realty commonly known as 2415 22nd Avenue North, Texas City, Texas 77590, situated in Galveston County, Texas. Plaintiff is an Iraqi war veteran who suffers from the disability of post-traumatic stress disorder ("PTSD"). He was one of the few soldiers who first entered Iraq during the United States' initial invasion of Iraq. Because of what the Plaintiff saw in war, he suffers from PTSD. He sees a psychiatrist at the Veterans Affairs Hospital.

6. Shortly before April 30, 2019, a dispute arose between Plaintiff and the City regarding the condition of the property at issue in this case.

7. In an effort to resolve the dispute described in paragraph six, Plaintiff met with Todd Sukup.

8. During all relevant time periods complained off, Mr. Fuller and Mr. Sukup were employed by the City.

9. During their meeting(s), Mr. Sukup made statements to Plaintiff that suggested Plaintiff could not possibly succeed against the City in its municipal court. These statements insinuated that the reason Plaintiff could not succeed against the City in its municipal court was because the City paid the municipal judge's salary.

10. On or about April 30, 2018, the City sued Plaintiff for "civil abatement/substandard structure," complaining of the property at issue. Said cause was numbered PH0224 and filed in the Municipal Court of the City of Texas City, Texas.

11. During the final trial on the lawsuit described in paragraph 10, the bailiff of the Municipal Court of the City of Texas City Texas, Texas prevented Plaintiff from entering the municipal courtroom. This prevented Plaintiff from bearing witness to his own trial and from assisting his attorney of record in litigation.

12. Though there were a number of amended final orders, the litigation described in paragraph ten ultimately ended in an agreed order of abatement.

13. Plaintiff subsequently brought suit against the City of Texas City, Texas in state district court. Said cause was numbered 19-CV-0053 and filed in the 405th Judicial District of Galveston County, Texas. Plaintiff's original petition in state

district court complained of a number of constitutional issues. As of the filing of this complaint, Plaintiff has given notice of non-suit for his state district court lawsuit in favor of federal adjudication.

14. The basis for the instant lawsuit is what occurred during the municipal court trial described in paragraph 11 and what occurred following the rendition of the agreed order of abatement. This constellation of facts reflects a pattern of "extra-judicial" and unconstitutional "self-help" on the part of the City, what can only be described as a retaliatory vendetta for having challenged the City's authority, and the City's unwritten policy of enforcing its building code by unconstitutional means.

15. When Plaintiff entered into his agreed order of abatement with the City of Texas City, Texas, the city's staff complained of alleged defects in a roof as well as grass, junk, and other debris.

16. During the 120 days following the agreed order of abatement, Plaintiff worked to cure the conditions which the City complained of. These efforts included: (a) remodeling the property; (b) placing drywall; (c) renovating plumbing systems; and (d) renovating electrical systems. At least some of this work was either done by or under the supervision of licensed professionals. This works was also done while the City which required a myriad of inspections – at least some of which were nonconsensual encounters.

17. Despite the fact that almost of the all work necessary to satisfy the agreed order of abatement was completed, on or about November 30, 2018, an

agent/employee of the City placed a stop work order on the property at issue and Plaintiff was cited to appear in municipal court.

18. Plaintiff subsequently attended a status conference held by the Municipal Court of the City of Texas City, Texas. The municipal court did not allow the Plaintiff to put on evidence. The municipal court also agreed with the City's contention that Plaintiff had not complied with the agreed order.

19. The City's vendetta, however, was not limited to the confines of the municipal court.

20. From the time period beginning January 1, 2018 and ending December 31, 2018, on at least one occasion, a mob of six to twelve people entered the dwelling on the property at issue over the protest and objection of Plaintiff.

21. The aforesaid mob included but was not limited to: (a) agents/employees of the Texas City Police Department; (b) agents/employees of the Inspection Department of the City, including but not limited to Mr. Sukup; and (c) agents/employees of the Community Development department/project of the City, including but not limited to Mr. Fuller.

22. During the intrusion complained of in paragraphs 20 and 21, Mr. Fuller stated to Plaintiff that, "I'm sick of you harassing my employees … I'd like to fuck you up …"

23. At no point during the time period complained of did the aforesaid mob have authority to permission to come upon the property at issue or enter the dwelling

situated on the property at issue. The mob's illegal search and trespass was not authorized by court order, writ, warrant, or other legal process. There was no legal basis for the intrusion complained of.

25. The acts complained of in paragraphs one through 23 evidence the City's unwritten policy of enforcing its building code by unconstitutional means.

26. George Fuller is a policymaker within the City and has endorsed, adopted, or otherwise encouraged the policy complained of in paragraph 25.

27. Todd Sukup is a policymaker within the City and has endorsed, adopted, or otherwise encouraged the policy complained of in paragraph 25.

## V. Statement of Claims

### A. Count I – 42 U.S.C. § 1983 Claim Against the City

28. The City violated 42 U.S.C. § 1983.

29. Plaintiff realleges and incorporates by reference the above paragraphs five through 27, as though fully set forth here.

30. The City was, during all relevant times complained of, operating under color of statute, ordinance, regulation, custom, or usage of the City.

31. The City was, during all relevant times complained of, operating under color of statute, ordinance, regulation, custom, or usage of the State of Texas.

32. The City's actions subjected Plaintiff or caused Plaintiff to be subjected to a deprivation of his rights, privileges, or immunities as secured by the Constitution of the United States.

33. The City directly and proximately caused the Plaintiff injuries as set out in this complaint

34. Therefore, the City is liable to Plaintiff for damages and ought to be enjoined from repeating its wrongs or further depriving of Plaintiff of Plaintiff's rights, privileges, or immunities as secured by the Constitution of the United States. Texas City has violated Plaintiff's right to property and their unconstitutional violations should be seen as a violation of the Takings Clause of the United States Constitution.

35. The City's actions were outrageous conduct and were committed with malice and oppression, entitling Plaintiff to punitive damages against the City.

36. For the foregoing reasons, the City violated 42 U.S.C. § 1983 and the full breadth of relief prescribed by 42 U.S.C. § 1983 should be granted.

**B. Count II – 42 U.S.C. § 1983 Claim Against George Fuller**

37. George Fuller violated 42 U.S.C. § 1983.

38. Plaintiff realleges and incorporates by reference the above paragraphs five through 27, as though fully set forth here.

39. George Fuller was, during all relevant times complained of, operating under color of statute, ordinance, regulation, custom, or usage of the City.

40. George Fuller was, during all relevant times complained of, operating under color of statute, ordinance, regulation, custom, or usage of the State of Texas.

41. George Fuller actions subjected Plaintiff or caused Plaintiff to be subjected to a deprivation of his rights, privileges, or immunities as secured by the

Constitution of the United States. George Fuller has violated Plaintiff's right to property and their unconstitutional violations should be seen as a violation of the Takings Clause of the United States Constitution.

42. George Fuller directly and proximately caused the Plaintiff injuries as set out in this complaint.

43. Therefore, George Fuller is liable to Plaintiff for damages and ought to be enjoined from repeating his wrongs or further depriving of Plaintiff of Plaintiff's rights, privileges, or immunities as secured by the Constitution of the United States.

44. George Fuller's actions were outrageous conduct and were committed with malice and oppression, entitling Plaintiff to punitive damages against the City.

45. For the foregoing reasons, George Fuller violated 42 U.S.C. § 1983 and the full breadth of relief prescribed by 42 U.S.C. § 1983 should be granted.

**C. Count III – 42 U.S.C. § 1983 Claim Against Todd Sukup**

46. Todd Sukup violated 42 U.S.C. § 1983.

47. Plaintiff realleges and incorporates by reference the above paragraphs five through 27, as though fully set forth here.

48. Todd Sukup was, during all relevant times complained of, operating under color of statute, ordinance, regulation, custom, or usage of the City.

49. Todd Sukup was, during all relevant times complained of, operating under color of statute, ordinance, regulation, custom, or usage of the State of Texas.

50. Todd Sukup actions subjected Plaintiff or caused Plaintiff to be subjected to a deprivation of his rights, privileges, or immunities as secured by the Constitution of the United States. Todd Sukup has violated Plaintiff's right to property and his unconstitutional violations should be seen as a violation of the Takings Clause of the United States Constitution.

51. Todd Sukup directly and proximately caused the Plaintiff injuries as set out in this complaint.

52. Therefore, Todd Sukup is liable to Plaintiff for damages and ought to be enjoined from repeating his wrongs or further depriving of Plaintiff of Plaintiff's rights, privileges, or immunities as secured by the Constitution of the United States.

53. Todd Sukup's actions were outrageous conduct and were committed with malice and oppression, entitling Plaintiff to punitive damages against the City.

54. For the foregoing reasons, Todd Sukup violated 42 U.S.C. § 1983 and the full breadth of relief prescribed by 42 U.S.C. § 1983 should be granted.

**D. Count IV – Fair Housing Act - 42 U.S.C. § 3603, 3604, 3605, 3606, and 3617**

55. The goal of the federal fair housing act as delineated by the House of Representatives is that persons with disabilities (1) be treated "as individuals" and (2) have equal access to housing enabling them to reside in a dwelling of their choice.

56. 42 U.S.C. § 3604 (f)(1)(A) reads. "[it shall be unlawful] to discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of that buyer or renter."

57. 42 U.S.C. § 3617 reads that, "it shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any person in the exercise of enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title."

58. The City continues to maintain that the Plaintiff lives in a substandard structure which is allegedly an eyesore to the community. Texas City has used their ordinances about substandard structures to discriminate against the Plaintiff.

59. To perpetrate this discrimination, the City has sent the Gestapo to Plaintiff's house to enforce their ordinances which has resulted on a disparate impact on the Plaintiff because of his disability: PTSD.

60. The City has refused to make reasonable accommodations in their policies or practices and refuses to explain what exactly makes Plaintiff's house a substandard structure.

61. Because of what was alleged in the facts section above, it is clear that the City selectively enforces their ordinances and that there exists a discriminatory animus motivating the municipality's attempts to enjoin Plaintiff from living in his house. These attempts against Plaintiff's sanctuary violate the Constitution and the Fair Housing Act.

62. The City will be unable to prove that Plaintiff's home is substandard in any way and the interest in their ordinances does not outweigh the Plaintiff's right to be able to live in his house.

63. The ordinances challenged by this complaint are found in Chapter 214 of the Texas Local Government Code and codified by Texas City in the Texas City, Code of Ordinances, Title XV, Chapter 150.033 and Chapter 150.034.

64. The City abuses the substandard code enforcement to perpetrate their discrimination against Plaintiff in the way that they enforce and by trying to take his property without just compensation.

65. This Court must enjoin the Defendants from their wrongdoing.

66. This Court must enforce the Fair Housing Act against the City and its employees because persons with handicaps must be treated as individuals. Texas City uses these ordinances to deprive Plaintiff of his right to reside in a dwelling of his choice. Texas City must be forced to make reasonable accommodations for Plaintiff not only for what he has done for this country, but because the law demands it.

## VI. Injuries

Plaintiff's injuries include, but are not limited to having been deprived of the Plaintiff's rights, privileges, or immunities as secured by the Constitution of the United States.

## VII. Special Request for Permanent Injunctive Relief

Plaintiff specially requests that each defendant named in this complaint, after notice and opportunity to be heard, be permanently enjoined from: (a) interfering or depriving Plaintiff of the use and enjoyment of the property at issue; (b) entering upon the property at issue without permission of this Court; and (c) continuing to enforce the ordinance concerning substandard structures in such a way as to deprive citizens such as Plaintiff of their constitutional right to own property and to enjoy that property. This injunction should extend to the named defendants, their employees, and their agents.

## VIII. Jury Demand

Plaintiff demands a trial by jury and tenders any applicable fee with the filing of this complaint.

## IX. Request for Relief

Wherefore, premises considered, Plaintiff requests the following relief: (a) compensatory general damages against each defendant named in this complaint, jointly and severally, in an amount proven at trial; (b) compensatory special damages including, but not limited to, those compensatory special damages set out above in this petition; (c) punitive and exemplary damages against each defendant named in this complaint (as allowed by law) in an amount appropriate to punish each individual defendant and deter others from engaging in similar misconduct; (d) costs of suit; (e) reasonable attorney's fees as otherwise authorized by statute or law; (f)

pre-judgment and post-judgment interest as permitted by law; (f) such other relief, including injunctive and/or declaratory relief, as the Court may deem proper; and (g) such further and additional relief to with Plaintiff is justly entitled to at law and in equity.

Signed this 29th day of October, 2019 by:

/s/ Alexander J. Houthuijzen
**ALEXANDER J. HOUTHUIJZEN**
Texas Bar No. 24101224
Federal ID No. 3083690
917 Franklin Street, Fourth Floor
Houston, Texas 77002
713-600-9902 Phone
713-526-1798 Fax
alex@alexthedefender.com,
Attorney for Plaintiff